09-0001-ag
Li v. Holder

BIA
Hom, IJ
A098 740 587

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
        JOHN M. WALKER, JR.,
        GUIDO CALABRESI,
        REENA RAGGI,
                <u>Circuit Judges</u>.
_____

RONG LI,
        <u>Petitioner</u>,

        v.                                    09-0001-ag
                                              NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        <u>Respondent</u>.
_____

FOR PETITIONER:          Fuhao Yang; Law Offices of Fuhao
                         Yang, PLLC, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Civil Division; Richard M.
                         Evans, Assistant Director; Aliza B.
                         Alyeshmerni, Attorney, Office of

**Immigration Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED, the BIA's order denying asylum and withholding of removal is VACATED, and the petition is REMANDED to the BIA for reconsideration in light of this order.

Petitioner Rong Li, a native and citizen of the People's Republic of China, seeks review of a December 5, 2008 order of the BIA, affirming the January 18, 2007 decision of Immigration Judge Sandy K. Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Li*, No. A098 740 587 (B.I.A. Dec. 5, 2008), *aff'g* No. A098 740 587 (Immig. Ct. N.Y. City Jan. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for

2

denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

The BIA determined that, even assuming Li's credibility, she failed to establish past persecution or a well-founded fear based on her Christian faith. This Court has emphasized that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, *may* rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir. 2006) (internal citations omitted); *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). Li testified that she was arrested in May 2005 at an unauthorized Christian gathering, detained for 48 hours, interrogated, slapped, and required to pay a fine. Police arrived at her home during a church gathering in June

3

2005 but she left through a back door, avoiding arrest.  Li also provided a statement with her application for asylum, which the BIA acknowledged in its order, stating that she had bled from the mouth after being slapped by the police and that, after fleeing from her in home June of 2005, the police threatened her parents and informed them that they were required to turn Li over to the authorities upon her return.

The BIA held that the petitioner had not experienced past persecution, but its analysis on this point refers only to the first arrest.  The BIA stated that the "detention was the only incident of physical mistreatment, the mistreatment consisted of two slaps, and [the petitioner] did not claim that she suffered injuries or sought medical treatment based on [this incident]."  This finding ignores the second incident in June of 2005.  Moreover, the BIA decision seems to minimize the importance of the context in which the petitioner's detention occurred.  See Beskovic v. Gonzalez, 467 F.3d 223, 226-27 (2d Cir. 2006) ("The BIA must . . . be keenly sensitive to the fact that a minor beating or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level

4

of persecution if it occurred in the context of an arrest or detention <u>on the basis of a protected ground</u>." (internal quotation marks omitted) (emphasis added)).  These omissions undermine both the BIA's examination of past persecution and its analysis of the reasonableness of fear of future persecution.

Although the court accords substantial deference to the BIA's findings of fact, appellate review of its decisions requires that the agency adequately identify and consider relevant facts in the first instance.  *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("[O]ur duty [is] to assess the BIA's ruling to determine whether there was a failure to consider an important fact in the record"); *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("[T]he BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." (internal quotation marks omitted)); *see also Delgado v. Mukasey*, 508 F.3d 702, 709 (2d Cir. 2007) ("[F]ailure to consider material evidence in the record is ground for remand.").  In this instance, the decision of the BIA to deny relief fails to address all of the material facts

5

contained in the record and, therefore, we remand the case for reconsideration in light of the omitted facts and our decision in *Beskovic*.

For the foregoing reasons, the petition for review is GRANTED. We VACATE the BIA's order denying relief and REMAND for proceedings consistent with this order. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk